UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                            )
ALEJANDRO ORTIZ-PATINO, on behalf of himself )
and all others similarly situated,                       )
                                                            )
                Plaintiffs,          )  No. _____
                                                            )
        v.                                               )  **JURY DEMANDED**
                                                            )
KAMCOR, INC. and MECHANICAL          )
MAINTENANCE AND DESIGN, INC.        )
                                                            )
                Defendants         )
_____)

**CLASS AND COLLECTIVE ACTION COMPLAINT**

**I.**      **INTRODUCTION**

       1.      Plaintiff Alejandro Ortiz-Patino brings this action on his own behalf and on behalf of other similarly situated employees of Defendants Kamcor, Inc. and Mechanical Maintenance and Design, Inc. ("Defendants"). Plaintiff and similarly situated employees have worked for Defendants performing welding, ship fitting, pipe fitting, and other laborer tasks at various shipyards and other industrial locations across the Eastern United States. These employees, many of whom are recent immigrants to the United States and who speak limited English, routinely work more than forty hours per week, but Defendants failed to pay them a full overtime premium of one-and-one-half times their regular hourly rate as required under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*, and the Massachusetts overtime statute, Mass. Gen. Laws. c. 151, § 1A, *et seq.* Plaintiff seeks compensation on his own behalf and on behalf of all

1

those similarly situated, for lost wages, liquidated damages, attorneys' fees and costs, pre- and post-judgment interest, and any other relief that the Court deems proper.

II.     **PARTIES**

2.     Plaintiff Alejandro Ortiz-Patino is an adult resident of New Bedford, Massachusetts.  He was employed by Defendants from approximately 2011 to February 2017 performing welding and ship fitting at the Fairhaven Shipyard in Fairhaven, Massachusetts.

3.     Plaintiff brings this action on behalf of himself and all others similarly situated, namely other individuals who have worked for Defendants during the statutory period and who worked more than forty hours per week.  Plaintiff brings this action as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), on behalf of similarly situated individuals from around the country who may choose to "opt in" to this case, as well as an "opt-out" class action on behalf of similarly situated individuals who have performed work in Massachusetts and suffered the violations described herein, pursuant to Mass. Gen. L. c. 151 § 1B, which permits an individual to file suit on behalf of "others similarly situated."

4.     Defendant Kamcor, Inc. is a corporation incorporated under the laws of Virginia.  Kamcor, Inc. employs individuals, including Plaintiff, who perform work in the Commonwealth of Massachusetts and at other locations across the Eastern United States.

5.     Defendant Mechanical Maintenance and Design, Inc. is a corporation incorporated under the laws of Virginia.  Mechanical Maintenance and Design, Inc. employs individuals, including Plaintiff, who perform work in the Commonwealth of

Massachusetts and at other locations across the Eastern United States.  Mechanical Maintenance and Design, Inc. is referred to as a "division" of Kamcor, Inc.

### III.     JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

7.     Venue is proper in this Court because Plaintiff is a resident of Massachusetts and Plaintiff and other employees were employed by Defendants in Massachusetts.

### III.     STATEMENT OF FACTS

8.     Defendants provide "contracting services" to industrial and marine contractors throughout the United State.

9.     In doing so, Defendants directly employ dozens of welders, pipe fitters, machinists, electricians, and marine painters who work at various shipyards and other industrial sites throughout the United States.

10.     Plaintiff was directly employed by Defendants performing welding and ship fitting work at the Fairhaven Shipyard in Fairhaven, Massachusetts, where he worked alongside five to ten other employees performing similar work.

11.     Plaintiff and other employees of Defendants routinely worked more than forty hours per week.

12.     Plaintiff and others were told upon hiring that they would earn approximately $25 per hour.

13. Instead, Defendants paid Plaintiff and other employees on a weekly basis at an hourly rate of approximately $10 per hour, along with an amount labelled a "per diem" that often exceeded $700 per week.

14. The amount of the "per diem" varied based on the number of hours worked per week.

15. The "per diem" was not intended to offset any expenses actually incurred by Plaintiff and other employees due to time spent away from their homes.

16. When Plaintiff and other employees worked more than forty hours per week, Defendants paid them a time-and-a-half "overtime rate" of $15 per hour, based on their nominal hourly rate of $10.

17. Defendants did not include the "per diem" wages in the calculation of Plaintiff's and other employees' overtime rate.

18. As a result of Defendants' illegal and improper calculation of their employees' overtime wages, Plaintiff and other employees suffered thousands of dollars in damages.

19. Plaintiff previously worked for Defendants performing similar work in Rhode Island and at other locations outside of Massachusetts, and Defendants' pay practices were the same at these locations.

20. Plaintiff is similarly situated to other employees who worked more than forty hours per week and did not receive proper overtime wages as described above. There is a group of similarly situated employees around the country who were subject to Defendants' common policies regarding calculation of overtime wages who are entitled to notice of this action under 29 U.S.C. § 216(b). There is likewise a group of similarly

situated employees who have worked in Massachusetts and suffered the same overtime violation.

## IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

21. Pursuant to state law requirements set forth in Massachusetts General Law Chapter 149, § 150, Plaintiff has filed his claims with the Office of the Attorney General and has received a right-to-sue letter in order to proceed on his claims in court.

### COUNT I

### (FLSA Overtime Claim)

22. This Count arises from Defendants' violations of the FLSA, 29 U.S.C. § 207, for their failure to pay Plaintiff and similarly situated employees the proper overtime rate for all hours worked in excess of forty (40) per workweek.

23. Defendants are "employers" for purposes of the FLSA, 29 U.S.C. § 203(s), because, on information and belief, they have annual gross sales or business of at least $500,000 and have employees engaged in interstate commerce.

24. Plaintiff regularly worked more than forty hours per week, and Defendants failed to pay him at the overtime rate required under the FLSA.

25. Defendants' violations of the overtime requirements of the FLSA were willful, since their conduct shows that they either knew that their conduct violated the FLSA or showed reckless disregard for whether their actions complied with the FLSA.

26. The Count is brought under 29 U.S.C. § 216(b) on behalf of all of Defendants' employees who worked more than forty hours per week in any week during the past three years who may choose to "opt-in" to this case.

## COUNT II

## (Massachusetts Overtime Claim)

27. By failing to pay Plaintiff the proper overtime rate for hours worked in excess of forty per week, Defendants have violated Mass. Gen. L. c. 151 § 1A. This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

## JURY DEMAND

Plaintiff requests a trial by jury on his claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification as a collective action under the FLSA and issuance of notice to similarly situated employees so that they may "opt in" to this case;

2. Certification as a class action for employees who have been subject to the overtime violation described here who worked in Massachusetts;

3. An award of damages for all wages that are due to the named Plaintiff and all class members and collective action members;

4. Liquidated damages under the FLSA;

5. Trebling of damages under Massachusetts law;

6. Pre-judgment and post-judgment interest;

7. Attorneys' fees and costs; and

8. Any other relief to which the named Plaintiff and similarly situated employees may be entitled.

Respectfully submitted,

ALEJANDRO ORTIZ-PATINO, on behalf of himself and all others similarly situated,

By his attorneys,


___/s/ Shannon Liss-Riordan_____
Shannon Liss-Riordan, BBO #640716
Matthew Thomson, BBO #682745
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Ste. 2000
Boston, MA 02116
Telephone:  (617) 994-5800
Facsimile:  (617) 994-5801
sliss@llrlaw.com
mthomson@llrlaw.com

Brian A. Joyce, BBO #556539
JOYCE & CURRAN, LLC
776R Washington Street
Canton, MA 02021
Telephone:  (781) 821-2250
bjoyce@joycelawgroup.com

Dated:       December 6, 2017