UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ALEJANDRO ORTIZ-PATINO, *on behalf of himself and all others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>KAMCOR, INC, MECHANICAL MAINTENANCE AND DESIGN, INC., and NICK S. BEAVER,<br><br>　　　　　Defendants. | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*      Civil Action No. 17-cv-12400-ADB |

**MEMORANDUM AND ORDER DENYING**
**MOTION FOR CONDITIONAL CERTIFICATION OF COLLECTIVE ACTION**

BURROUGHS, D.J.

　　The Court has reviewed Plaintiff's motion for conditional certification of a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* [ECF No. 4]. Plaintiff proposes certification of a class consisting of "all employees of Kamcor, Inc. and MMDI in the United States, from February 5, 2015, to the present, who worked as welders, pipe fitters, ship fitters, machinists, electricians, marine painters, and other skilled laborers." Id. at 12. While courts can grant conditional certification based on a single affidavit where appropriate, see, e.g., Khamsiri v. George & Frank's Japanese Noodle Rest. Inc., No. 12-cv-0265-PAE, 2012 WL 1981507, at *1 (S.D.N.Y. June 1, 2012), at this stage, Plaintiff's affidavit and supporting documentation are not sufficient to demonstrate that conditional certification should be granted.[1]

---

[1] Defendants argue that the Court should apply the standards governing class-action certification under Federal Rule of Civil Procedure 23 to the instant motion. A large majority of district courts within the First Circuit have rejected that approach, however. See Trezvant v. Fidelity Emp'r Servs. Co., 434 F.Supp.2d 40, 42–43 (D. Mass. 2006) (majority of courts within First Circuit use two-tier approach instead of applying Rule 23 standards); see also Roberts v. TJX Cos., Inc., No. 13-cv-13142-ADB, 2017 WL 1217114, at *2 (D. Mass. Mar. 31, 2017) (applying two-tier approach, and collecting cases); Cunha v. Avis Budget Car Rental, LLC, 221 F. Supp. 3d 178,

First, although Plaintiff seeks certification of a nationwide class, the affidavit does not provide any information as to Defendants' pay policies at locations other than Boston and Fairhaven, Massachusetts. While it may be possible that Defendants employ the same pay policies nationwide, the affidavit does not provide any reason to believe that this is true. "For a class to extend beyond the named plaintiffs' own work location, they must demonstrate that employees outside of the work location for which the employee has provided evidence were similarly affected by the employer's policies." Travers v. JetBlue Airways Corp., No. 08-cv-10730, 2010 WL 3835029, at *2 (D. Mass. Sept. 30, 2010) (internal quotation marks and citation omitted). The plaintiff "need not 'demonstrate the existence of similarly situated persons at every location in the proposed class,' but 'must demonstrate that there existed at least one similarly situated person at a facility other than [their] own.'" Id. (quoting Adams v. Inter–Con Sec. Sys., Inc., 242 F.R.D. 530, 537 (N.D. Cal. 2007); see also Davine v. Golub Corp., No. CIV.A. 14-30136-MGM, 2015 WL 1387922, at *2 (D. Mass. Mar. 25, 2015) (same, quoting Travers); Perez v. Prime Steak House Rest. Corp., 959 F. Supp. 2d 227, 231 (D.P.R. 2013) (same). Therefore, given the absence of any information concerning workers and pay policies at other locations, the Court is not able to certify a nationwide class.

Next, Plaintiff's proposed class would include "welders, pipe fitters, ship fitters, machinists, electricians, marine painters, and other skilled laborers," but Plaintiff's affidavit does not provide a basis to conclude that individuals working in these particular job categories were

---

181–82 (D. Mass. 2016) (two-tier approach); Davine v. Golub Corp., No. CIV.A. 14-30136-MGM, 2015 WL 1387922, at *1 (D. Mass. Mar. 25, 2015) (same). Consistent with the First Circuit majority, the Court employs the two-tier approach here, which at the first stage requires only that the plaintiff satisfy a "fairly lenient standard" requiring him to show there is a "reasonable basis for [his] claim that there are other similarly situated employees," and which "typically results in conditional certification of a collective action." Prescott v. Prudential Ins. Co., 729 F. Supp. 2d 357, 364 (D. Me. 2010) (internal quotation marks and citations omitted). The present motion, however, fails to satisfy even this lenient standard.

subject to the same pay policies. Plaintiff states that he "performed welding and ship fitting" for Defendants, and he further asserts that he spoke with other employees at the Boston and Fairhaven locations who were paid in the same manner as Plaintiff, but he provides no information concerning the other employees' job titles. Thus, based on the information presented, the Court is not able to determine that the class should include the job categories that Plaintiff has identified.

Accordingly, Plaintiff's motion for conditional certification [ECF No. 4] is DENIED without prejudice. Plaintiff is granted leave to renew the motion with supplemental information addressing the issues discussed in this order or to more narrowly define the proposed class. Plaintiff shall file his renewed motion by June 11, 2018.

**SO ORDERED.**

May 10, 2018                                             /s/ Allison D. Burroughs
                                                         ALLISON D. BURROUGHS
                                                         U.S. DISTRICT JUDGE